IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

GUY TATUM,                              )
                                        )
        Plaintiff,                      )
                                        )        CIVIL ACTION NO.
v.                                      )        03-AR-2665-J
                                        )
LAWRENCE MAGDOVITZ,                     )
                                        :
        Defendant and                   :
        Third-Party Plaintiff,          :
                                        :
v.                                      )
                                        )
UNITED STATES of AMERICA,               )
                                        )
        Third-Party Defendant.          )



## MEMORANDUM OPINION

Before the court is a motion for summary judgment by
defendant, Lawrence Magdovitz ("Magdovitz"), seeking dismissal of
the above entitled action brought by plaintiff, Guy Tatum
("Tatum"). Tatum claims injuries resulting from a "slip and fall"
in the parking lot of a building/land owned by Magdovitz,
resulting from alleged negligent or wanton maintenance of the
lot. Magdovitz filed a third party action against the lessee and
operator of the premises, United States of America ("United
States"), which operated a United States Post Office on the
property. Magdovitz seeks judgment as a matter on law of all
claims against him.

### Statement of Undisputed Facts

On or about October 16, 2001, Tatum fell in the parking lot

1

of the post office in Cordova, Alabama. The property in question is owned by Magdovitz, and leased to the United States. Tatum alleges that he fell while returning to his vehicle after retrieving his mail. Tatum was on the property as an invitee specifically for the purpose of picking up his mail.

On the occasion in question, Tatum took the same path entering and exiting the post office. No material alterations were made in the path while Tatum traveled in and out of the post office, or at any other relevant time.  Tatum not only took the same path that day that he regularly took, but had visited the same post office for years and was well aware of the condition of the parking lot. Tatum, in his deposition (which is the only evidence entered in this case) specifically said:

> Q: You said you used to go to the post office everyday?
>
>  A: Yes, sir.

*See Defendant's Exhibit A at 14.*


> Q: Okay. What caused you to fall?
>
> A: That gravel and trash the on that lawn. I just happened to hit it with my shoe.
>
> Q: Okay. And **did you know that the gravel was there before you stepped on it?**
>
> A: **I sure did. It's been there for years.**

*See Defendant's Exhibit A at 32-33.* (emphasis added).

Tatum admits that his fall was caused by gravel that had been there "for years." Many times before the occasion in question Tatum had taken exactly the same route into and out of the post office. He was asked more than once about his routine path and answered:

> Q: And sometimes, you would park in that same spot?
>
> A: Sure, you would, or back across the street, you could park across the street and go in the post office.
>
> Q: Sure, but **you probably walked over that area a bunch of times over the years?**
>
> A: **I have been, I know.**

*Id.*

There is no evidence to indicate that any hidden defect contributed to Tatum's fall. Tatum testified:

> Q: Okay. Was there anything hidden from your view that caused you to fall?
>
> A: No, not that I know of, just what was throwed out there beside the vehicles.

Tatum provides no further evidence, and does not contest the evidence provided by Magdovitz.

3

## **Summary Judgment Standard**

Rule 56, F.R.Civ.P., provides that summary judgment is to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The court must view all the evidence and any reasonable factual inferences in the light most favorable to the nonmoving party. *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1310 (11th Cir. 2002). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and demonstrate specific facts showing that there is a genuine issue for trial with regard to those dispositive matters for which it carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## **Analysis**

When this court sits in diversity, it is obliged to apply the substantive law of the state in which the action arose. *See, e.g., Technical Coating Applicators, Inc. v. United States Fid. & Guar. Co.*, 157 F.3d 843, 844 (11th Cir. 1998). Alabama law applies in this case.

Magdovitz concedes that Tatum was an invitee at the time of the accident. *See Dinkelman v. United States*, 303 F. Supp. 27, 30 (S.D. Ala. 1969) (finding that a customer of the post office was an

4

invitee). Under Alabama law, invitees receive the highest level of legal protection of anyone who enters upon land owned by another. However, the duty of a landowner to an invitee is still "limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Browder v. Food Giant, Inc.*, 854 So.2d 594, 595 (Ala. Civ. App. 2002)(internal citations omitted). Stated another way, "a premises owner has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of." *Id.*

Tatum testified at deposition that he was aware of the gravel on the ground, and that it was open and obvious to him. *See* Exhibit A 32-33. Tatum tries to explain by saying that his claim is based not on the existence of the gravel *per se*, but rather on the negligence of Magdovitz in letting the parking lot deteriorate to the point it created a dangerous condition. However, because landowners owe no duty to warn or protect invitees from open and obvious conditions (dangerous or not), neglect of Magdovitz, if it existed[1], is inapposite. Whether or not the condition was open or obvious is the critical inquiry here, because Tatum was injured by a *condition*, and not by an *activity* of Magdovitz.[2] Magdovitz had no

---

[1]Plaintiff has, in fact, presented no evidence of any negligence by Magdovitz, other than the mere existence of gravel on the property.

[2]Recall that Tatum, in his deposition, testified that no changes or maintenance occurred during the time he was at the post office. *Exhibit A at* 30-31. Thus, this is a case of nonfeasance not malfeasance. Tatum attempts to allege that defendant should be held to a negligence standard because of his "failure" to maintain the lot, but this is in reality a claim about the *condition* of the lot, which is treated under the duty to warn for hidden defects analysis.

duty to warn Tatum of the gravel. Tatum admitted that he had specific actual notice of the gravel, and that the gravel was an open and obvious condition. Therefore, Magdovitz violated no duty to Tatum with regard to the gravel.

Under very similar circumstances, the Supreme Court of Alabama upheld summary judgment for the owner of a shopping mall where plaintiff fell on gravel because plaintiff had notice of the gravel which was open and obvious and seen by plaintiff a number of times before.[3] *Duffy v. Bel Air Corp.*, 481 So.2d 872 (Ala. 1985). In that case, the Supreme Court of Alabama wrote, "an invitor is not liable for injuries to an invitee resulting from a danger which was known to the invitee." *Id.* Thus, with clear authority from the Alabama Supreme Court, it appears Magdovitz could not have breached a duty to Tatum, because he had no duty to Tatum with regard to the known, and obvious gravel in the parking lot.[4]

Tatum responds with the argument that the United States Post Office is fundamentally different from other premises because retrieving one's mail is a necessity of modern life, unlike going to a shopping mall, an act Tatum describes as "voluntary." He

---

[3]The line in *Duffy* is blurry between its reliance on lack of breach of duty, and its reliance on contributory negligence. While the case is ultimately decided on contributory negligence grounds, there is a discussion of the duty or lack thereof for obvious defects. For sake of clarity, this court notes *Duffy* only to be instructive, and would explicitly find no breach of duty even without reliance on *Duffy*.

[4]Tatum distinguishes the present case from *Duffy*, first, by noting that in that case it was a shopping mall where gravel accidentally came onto the parking lot from the road, and in the present case, the gravel was created by the deterioration of the road. This view, of course, loses sight of the issue of duty. The question of whether Magdovitz should have done a better job maintaining the parking lot is irrelevant. Tatum was an invitee, and fully aware of the gravel, having seen it and walked across it many times, and therefore defendant had no duty to Tatum.

relies on two cases to build a distinction between public facilities and private facilities.[5] In two similar cases, the Alabama Supreme Court stated that people walking on a public sidewalk may assume it is safe for travel. *See City of Birmingham v. Starr*, 20 So. 424 (Ala. 1896); *Bailey v. City of Mobile*, 167 So.2d 294(1964). Tatum offers these cases to establish a higher standard for governmental facilities. Further, Tatum argues that a post office should be held to an even higher standard than other public and governmental facilities are held to.[6] Tatum's argument, however, misunderstands two points. The so-called "heightened" duty of public buildings and government lands, is nowhere to be found in Alabama law. Thorough research uncovers no duty other than the general common law duty to warn invitees of hidden defects. *See, e.g., Ex Parte Mountain Top Indoor Flea Market, Inc.*, 699 So.2d 158, 161 (Ala. 1997). Further, the cases cited by Tatum as support of such an heightened duty (*Bailey/Starr* cases), in fact, do not comprehend such an heightened duty. As Magdovitz points out, *City of Mobile* does not impose a duty upon the owner of public sidewalks for dangerous conditions that are apparent or seen by ordinary vision. *Bailey v. City of Mobile*, 167 So.2d at 298-99("the

---

[5]Tatum vacillates between whether the relevant distinction is voluntary/necessary, or public/private. In any event, there is no support in the law for either distinction. Tatum is an invitee, and thus, defendant has *no duty* to him with regard to open and obvious conditions. *Browder*, at 595.

[6]Whether the U.S. Post Office would be treated same as other government buildings under Tatum's analysis is unclear. Unlike the Federal Courthouse, or a sidewalk, the use of a post office to send one's mail is, in fact, "voluntary" and charges a fee for its service. One could choose to use any of the other various forms of shipping for their mail, and avoid the use of the arm of the Federal government, if one so chose.

presumption that persons using public streets may assume that they are reasonably safe for travel only protects those who are in the exercise of such ordinary care at the time"). Thus, even if there were some duty on the part of Magdovitz to Tatum, it would only be the common law duty owed to invitees.

Tatum's attempt to create heightened duty on the part of governmental and public actors has no support in the law.[7] Thus, Magdovitz had no heightened duty to Tatum in the present case. Magdovitz did not breach a duty because it had no duty to warn an invitee of an open and obvious danger. Because there is no genuine dispute of fact with regard to whether the defect was hidden or actually known, summary judgment of Tatum's claim is appropriate.

Magdovitz also asks the court to grant him judgment as a matter of law on his affirmative defense of contributory negligence. Magdovitz claims that Tatum was contributorily negligent as a matter of law when he walked across loose gravel which he knew was there. In Alabama, contributory negligence is a complete bar to recovery. *Pugh v. Taylor*, 507 SO.2d 428 (Ala. 1987); *see also Hamilton v. Kinsey*, 337 So.2d 344 (Ala. 1976). The question of contributory negligence is usually one for a jury. *Aplin v. Tew*, 839 So.2d 635, 637-38 (Ala. 2002). However, where the

---

[7]This is all not to mention that the defendant in this case *is not a public entity.* Because there is no such heightened standard, it is not necessary to distinguish the two. If there were such a heightened duty for invitees to public buildings to transact business, it would probably be relevant that Tatum has brought suit *not* against the public entity responsible for the facilities, but against the *private* owner of land. This court thinks the difference might be critical if there were such a heightened duty for public premises under Alabama law.

facts are so clear that reasonable persons must all reach the same conclusion, contributory negligence as a matter of law must be found. *Id.* Generally, the defense of contributory negligence requires a showing that plaintiff put himself in harm's way, and that plaintiff had a conscious understanding of the nature of the danger at the time the incident occurred. *Id.* However, there is a more specific rule applicable in this case. In an invitor/invitee setting,

> Where a plaintiff is aware of a defect, contributory negligence in not remembering and avoiding the danger will be presumed in the absence of a satisfactory excuse for forgetting.

*Duffy*, at 874. Recalling the discussion above, *Duffy* is closely analogous to this case, because both involved a plaintiff who slipped and fell on gravel. Here, as in *Duffy*, the plaintiff admitted to having actual specific knowledge of the gravel.[8] Tatum knew about the gravel in the parking lot.[9] Finally, Tatum provides no "satisfactory excuse for forgetting" about the danger of the gravel, and clearly did not attempt to "avoid" the gravel. There is a presumption of contributory negligence where a plaintiff has actual knowledge of the defect and does not remember and make a

---

[8] There would obviously be a question as to whether or not Tatum"appreciated" the danger at the moment he walked across the gravel. Frankly, walking across the gravel seems very innocuous, but that does not matter in light of *Duffy*. In *Duffy*, the Alabama Supreme Court clearly dealt specifically issue of how to test for contributory negligence in a situation where the plaintiff has actual knowledge of a dangerous condition (in that case, as here, gravel).

[9] Tatum's own testimony at deposition, included as Exhibit A by Magdovitz, and excerpted above, indicates that Tatum was fully aware of the existence of the gravel, having noticed it for years. *See Exhibit A at 32-33.*

conscious effort to avoid it. *Id*. No jury is required under such circumstances because there is no genuine dispute about Tatum's actual specific knowledge of the gravel. Even in the light most favorable to Tatum, the facts clearly support a finding of contributory negligence. Thus, summary judgment on the alternative issue of contributory negligence is appropriate.

Magdovitz's motion for summary judgment will be granted, and Tatum's action will be dismissed by separate order. This will render moot the third party action against the United States of America.

DONE this ___8___ day of September, 2004.

WILLIAM M. ACKER, JR.

UNITED STATES DISTRICT JUDGE